IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EVGENII ZAVODCHIKOV, et al.,<br><br>Defendants. | CA No. 16-cv-00845 (MCA-LDW)<br><br>DECLARATION OF JOHN DONNELLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT |

I, John Donnelly, declare as follows:

1. I am counsel for Plaintiff Securities and Exchange Commission (the "Commission") in this action. I make this Declaration in support of the Commission's Motion for a Default Judgment against Evgenii Zavodchikov ("Zavodchikov"), Extra Trading Company, Andrey Bokarev ("Bokarev"), Radion Panko, Green Road Corp., Natalia Andreevna Alepko ("Alepko"), Solar Line Inc., and Anton Maslov ("Maslov") (collectively, the "Defaulting Defendants").

2. On February 17, 2016, the Commission filed the Complaint in this matter. (Docket No. 1). That same day, the Court granted the Commission's motion for a temporary restraining order against the Defendants, freezing assets, and granting other relief. (Docket No. 6). On February 29, 2018, the Court granted the Commission's motion for a preliminary injunction against the Defendants, freezing assets, and granting other relief. (Docket No. 10).

## Service of Process

3. On June 15, 2017, the Commission filed a motion for leave to serve Defendants Zavodchikov, Bokarev, Alepko, and Maslov (collectively, the "Individual Defendants"), all of whom reside in the Russian Federation, via alternative means. (Docket No. 17).

1

4. Subsequently, on August 30, 2017, the Court granted the Commission's motion (the "Order"), ordering that the Commission serve all the Individual Defendants by publication, and send the Complaint and summons to certain of the Individual Defendants via email. (Docket No. 18).

5. The Commission served the Individual Defendants in accordance with the Order.

6. On September 8, 2017, the Commission filed the Declaration of John Donnelly Regarding Service, which detailed the Commission's emailing the Complaint and amended summons to certain of the Individual Defendants as directed in the Order. (Docket No. 20).

7. Subsequently, the Commission filed the Declaration of John Donnelly Regarding Service by Publication on October 30, 2017 (Docket No. 21). As detailed in that Declaration, pursuant to the Order, the Commission published notice of this action in the New York Times International Edition on September 20, 2017; September 27, 2017; October 4, 2017; and October 11, 2017. As a result, the Individual Defendants were required to respond to the Complaint by November 1, 2017, at the latest—21 days after the final publication of the notice.

8. To date, none of the Individual Defendants has responded to the Complaint, appeared in this action, or contacted counsel for the Commission.

9. None of the Individual Defendants is an infant. On information and belief, none of the Individual Defendants is incompetent or in military service of the United States.

10. The Clerk of Court entered the Default of the Individual Defendants on February 26, 2018. (Docket Entry on Feb. 26, 2018, no document number).

11. Likewise, the Commission has served Defendants Extra Trading, Green Road, and Solar Line with process. Like the Individual Defendants, Extra Trading, Green Road, and

Solar Line have not responded to the Complaint, appeared in this action, or contacted counsel for the Commission; and their time to respond to the Complaint has passed.

12. Extra Trading is a Seychelles corporation. On January 3, 2018, Plaintiff provided a copy of the summons directed and complaint to the Clerk's Office for service by mail on Extra Trading, via its registered agent in Seychelles, pursuant to Federal Rules of Civil Procedure 4(h) and 4(f)(2)(C)(ii). (Docket No. 27). On January 9, 2018, the Clerk's Office mailed the summons and Complaint to Extra Trading by registered mail requiring a receipt with a signature from the recipient. (Docket Nos. 27-1, 27-2). The Clerk's Office received a signed return receipt for the service package, which it entered on March 2, 2018. (Docket No. 33). That same day, Plaintiff filed a Declaration of Proof of Service outside the United States. (Docket No. 34).

13. Green Road is a Belizean corporation. Pursuant to Federal Rules of Civil Procedure 4(h) and 4(f), on February 13, 2018, the summons and Complaint were served on Green Road through service by hand delivery on its registered agent, Titoff Realty Ltd. in Belize. (Docket No. 29 (Affidavit of Proof of Service Outside the United States)).

14. Solar Line is a corporation formed in the Commonwealth of Dominica. Pursuant to Federal Rules of Civil Procedure 4(h) and 4(f), on March 8, 2018, the summons and Complaint were served on Solar Line via hand delivery on its registered agent in the Commonwealth of Dominica. (Docket No. 36 (Affidavit of Proof of Service Outside the United States)).

15. Extra Trading, Green Road, and Solar Line have never answered, moved, or otherwise responded to the Complaint. On April 26, 2018, Plaintiff filed a request for the Clerk of Court to enter the Default of Extra Trading, Green Road, and Solar Line. (Docket No. 37).

That same day, the Clerk of Court entered the Default of those Defendants. (Docket entry Apr. 26, 2018, no document number).

## Disgorgement and Prejudgment Interest

16. The Declaration of Dr. Eugene Canjels, dated December 4, 2018 and also filed in support of Plaintiff's Motion for a Default Judgment ("Canjels Declaration"), identifies the number of illegal trades perpetrated by the Defaulting Defendants and the gross profits realized by the Defaulting Defendants on those trades. *See* Canjels Decl. ¶¶ 10-13.

17. The Complaint alleged that the Defendants collectively realized over $19.5 million in ill-gotten gains. As set forth in the Canjels Declaration, applying the criteria used by Dr. Canjels to establish the disgorgement amounts, that amount has been lowered to approximately $19.36 million.

18. To calculate prejudgment interest, the Commission uses a computerized Prejudgment Interest Calculator. It calculates interest on the violation amount from the date of the violation until the end date. Partial months are ignored; violations that occurred during a month are treated as having occurred at the end of the month and end dates that occur during a month are treated as having occurred at the beginning of the month. The interest rate used by the calculator is the Internal Revenue Service's interest rate on tax underpayments, which is set forth in 26 U.S.C. § 6621(a)(2).

19. The Commission requests a conservative amount of prejudgment interest. For ease of calculation and application, in calculating the prejudgment interest, we have used the last date of the Defaulting Defendant's illegal trade for which the Commission is seeking disgorgement as the starting date for the prejudgment interest period. For all of the Defaulting

4

Defendants, we have used an end date of February 17, 2016, the day the Complaint was filed and certain assets frozen.

20. For Defendants Zavodchikov and Extra Trading, the date of the last illegal trade for which the Commission is seeking disgorgement is December 15, 2014. The amount of disgorgement owed by these Defendants is $2,120,618. *See* Canjels Decl. at ¶ 10 and Table 2A. The amount of prejudgment interest owed by these Defendants is $69,889.75. Attached hereto as Exhibit 1 is a true and correct copy of the prejudgment interest calculation.

21. For Defendants Bokarev, Panko, and Green Road, the date of the last illegal trade for which the Commission is seeking disgorgement is July 23, 2014. The amount of disgorgement owed by these Defendants is $3,161,160. *See* Canjels Decl. at ¶ 11 and Table 2B. The amount of prejudgment interest owed by these Defendants is $145,369.75. Attached hereto as Exhibit 2 is a true and correct copy of the prejudgment interest calculation.

22. For Defendants Alepko and Solar Line, the date of the last illegal trade for which the Commission is seeking disgorgement is July 25, 2013. The amount of disgorgement owed by these Defendants is $3,161,160. *See* Canjels Decl. at ¶ 12 and Table 2C. The amount of prejudgment interest owed by these Defendants is $145,369.75. Attached hereto as Exhibit 3 is a true and correct copy of the prejudgment interest calculation.

23. For Defendant Maslov, the date of the last illegal trade for which the Commission is seeking disgorgement is February 19, 2014. The amount of disgorgement owed by Maslov for the trading in the Tarek Investors' Account is $9,653,814. *See* Canjels Decl. at ¶ 13 and Table 2D. The amount of prejudgment interest owed by Maslov is $571,246.31. Attached hereto as Exhibit 4 is a true and correct copy of the prejudgment interest calculation.

## Decision Granting Motion for Default Judgment

24. In Plaintiff's Memorandum of Law in Support of Its Motion for Default Judgement, Plaintiff cites an unpublished decision in *SEC v. Hong*, No. 16-cv-09947 (S.D.N.Y.) (VEC), granting the Commission's motion for default judgment in that case. *See* Pl.'s Mem. of Law at 30 (citing *Hong*, No. 16-cv-09947, Docket No. 33 (S.D.N.Y.) (VEC). For the Court's convenience, a true and correct copy of the *Hong* Court's Order is attached hereto as Exhibit 5. That case involved hacking the computer networks of certain law firms and stealing, through deception, material nonpublic information concerning several publicly traded companies who were engaged in mergers and acquisitions discussions. Defendants reaped illegal profits by trading on the stolen material nonpublic information. *See* Exhibit 5 at ¶ 11.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
John Donnelly

December 4, 2018